IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND STARR,

    Plaintiff,

vs.

DEPT. OF CORRECTIONS, et al.,

    Defendants.

CV F 05 1306 OWW WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint filed in the Northern District and transferred to this district. Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Pleasant Valley State Prison.

Plaintiff's allegations relate to his medical care. Plaintiff's statement of claim in his complaint consists of a single paragraph that states, in general terms, that Plaintiff is disabled and that he is subject to "medical indifference." Plaintiff alleges that he suffers from various psychiatric disorders, and that there is a "lack of adequate medical care."

1    To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
2  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.
3  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a
4  plaintiff must allege that: (1) a person was acting under color of state law at the time the
5  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
6  privileges or immunities secured by the Constitution or laws of the United States.  Paratt
7  v.Taylor, 451 U.S. 527, 535 (1981).
8    The statute plainly requires that there be an actual connection or link between the actions
9  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.
10 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The
11 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
12 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
13 affirmative acts or omits to perform an act which he is legally required to do that causes the
14 deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
15 1978).
16   Under the Eighth Amendment, the government has an obligation to provide medical care
17 to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In
18 order to violate the Eighth Amendment proscription against cruel and unusual punishment, there
19 must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v.
20 Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether
21 medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must
22 examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must
23 determine whether "officials intentionally interfered with [the plaintiff's] medical treatment."
24 Id. at 1132.
25   Here, Plaintiff levels generalized grievances and allegations regarding his medical care,
26

but he fails to allege in specific terms how any individual defendant knew of and disregarded a serious risk to his health, resulting in injury to Plaintiff.  Allegations regarding medical care in general fail to state a claim for relief.  Plaintiff must allege facts indicating that each named defendant was deliberately indifferent to his medical care.

The court finds the allegations in plaintiff's complaint vague and conclusory.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 4, 2006**          **/s/ William M. Wunderlich**
mmkd34                               UNITED STATES MAGISTRATE JUDGE